# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-40872
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO GAONA-DOVAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-906-1

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Gaona-Doval appeals the sentence imposed following his guilty plea conviction of exporting from the United States to Mexico defense articles on the United States Munitions List without first obtaining an export license or written authorization for exportation. He argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that a shorter sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warranted in his case because his offense was minor in comparison to other offenses punished under U.S.S.G. § 2M5.2, he committed the offense in an attempt to earn money for his mother's kidney dialysis, and he has no prior criminal history.

At sentencing, the district court judge considered the advisory sentencing guidelines range, the § 3553(a) factors, the information in the presentence report, and the arguments presented by the parties. After noting the seriousness of the offense, the district court judge determined that a sentence at the low end of Gaona-Doval's advisory sentencing guidelines range was appropriate. Gaona-Doval's arguments do not establish that the district court judge abused his discretion or committed plain error by declining to impose a shorter sentence. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). Gaona-Doval has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.